# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### JOE ROSS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6854     Joe H. Walker, III, Judge**

_____

### No. W2015-01622-CCA-R3-HC  -  Filed April 7, 2016
_____

The Petitioner, Joe Ross, appeals the trial court's denial of his petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Joe Ross, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Rachel W. Willis, Senior Counsel, for the Appellee, State of Tennessee.

### OPINION

In a prior opinion, this court summarized the procedural history in this case as follows:

> On April 26, 2002, the Petitioner entered guilty pleas to five counts of robbery, four counts of especially aggravated kidnapping, and one count of aggravated rape.  Pursuant to the plea agreement, the Petitioner received concurrent sentences of 8 years for each aggravated robbery conviction, 15 years for each especially aggravated kidnapping conviction, and 25 years

for aggravated rape with all sentences to be served concurrently for an effective sentence of 25 years.

On April 17, 2013, the Petitioner filed his first pro se petition for writ of habeas corpus in the Lauderdale County Circuit Court, arguing, inter alia, that his conviction for aggravated rape is void because the trial court failed to advise him that he was subject to community supervision for life upon the expiration of his sentence. On April 25, 2013, the trial court entered an order summarily dismissing the petition after concluding that the convicting court "was not without jurisdiction or authority to sentence the defendant" and that "even if the defendant was correct in his allegations, the conviction for aggravated rape would be voidable, not void, and the proper court would be the sentencing court to petition to withdraw the plea of guilty."

On May 20, 2013, the Petitioner filed a pro se notice of appeal to this court. On June 14, 2013, this court, upon a motion by the Petitioner, entered an order remanding the matter to the Lauderdale County Circuit Court to determine whether the petitioner should be declared indigent for the purposes of appeal. On June 24, 2013, the Lauderdale County Circuit Court entered an order declaring the Petitioner indigent for the purposes of appeal. Thereafter, the Petitioner filed a timely pro se brief and subsequent response brief in this court.

On August 1, 2013, while the Petitioner's initial appeal was pending in this court, the Petitioner, through counsel, filed a second petition for writ of habeas corpus in the Shelby County Criminal Court, alleging that his judgment for aggravated rape is "void on its face." The Petitioner acknowledged that he had previously filed a petition for habeas corpus in Lauderdale County Circuit Court but maintained that the instant petition "is clearly distinguishable" from the previous petition, and therefore, is not barred by the prior order of the Lauderdale County Circuit Court denying relief. The State filed a motion to dismiss on September 25, 2013, and a hearing was held on the matter on September 27, 2013. On November 4, 2013, the trial court entered an order finding that the Petitioner's claims had been "previously decided against the [P]etitioner in his petition filed in Lauderdale County." The court further found that even if the merits of the Petitioner's claims were considered, "the fact that 'community supervision for life' is not indicated on the face of the judgment does not render the judgment void, but merely voidable." The court summarily dismissed the

petition but entered a corrected judgment indicating the requirement for community supervision for life.

The Petitioner filed a timely notice of appeal from the Shelby County Criminal Court's order on November 5, 2013. On December 11, 2013, the Petitioner filed a motion to consolidate his previous appeal of denial of habeas corpus relief from Lauderdale County with his subsequent appeal of the same from Shelby County. The motion to consolidate was granted by this court on December 27, 2013.

*Joe Ross v. State*, No. W2013-02555-CCA-R3-HC, 2014 WL 3954060, at *1-2 (Tenn. Crim. App. Aug. 13, 2014) (footnote omitted).

On appeal, this court held that the judgment for aggravated rape was illegal and void because the judgment did not reflect the statutory requirement of mandatory lifetime community supervision. *Id.* This court vacated the Petitioner's sentence for aggravated rape and remanded the case to the Criminal Court for Shelby County to determine whether the illegal sentence was a bargained-for element of the Petitioner's plea agreement. *Id.*

On August 7, 2015, the Petitioner filed a third petition for writ of habeas corpus in the Circuit Court for Lauderdale County in which he challenged his continued confinement for aggravated rape. He alleged that on remand, the Criminal Court for Shelby County granted him relief but that he then was transferred back into the custody of the Tennessee Department of Correction. The Petitioner also alleged that his sentences for the robbery and especially aggravated kidnapping convictions had expired.

On August 11, 2015, the habeas court entered an order denying and dismissing the Petitioner's petition. The habeas court found that the "proper court to address any further issue [with the judgment for aggravated rape] is the Criminal Court for Shelby County, which heard the remand." The habeas court denied the Petitioner's claim of relief for his robbery and especially aggravated kidnapping convictions because the Petitioner failed to attach the judgments to his petition.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; *see* T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of

3

imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); *see Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner asserts that his sentences for the robbery and especially aggravated kidnapping convictions have expired. However, as the habeas court correctly found, the Petitioner failed to attach the judgments for these convictions to his habeas corpus petition. *See* T.C.A. § 29-21-107(b)(2). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d at 19–20; *Archer*, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman*, 153 S.W.3d at 21. Because the Petitioner failed to follow the statutory procedural requirements, the habeas court properly denied the Petitioner's claim for relief from his sentences for robbery and especially aggravated kidnapping.

With regard to the Petitioner's aggravated rape conviction, we note that the Petitioner failed to attach to his habeas petition the order of the Criminal Court of Shelby County on remand from this court. We note that the order of the Shelby County Criminal Court on remand was the subject of a recent appeal before this court. The record in the appeal reflected that on May 18, 2005, the Shelby County Criminal Court granted the Petitioner relief, set aside the Petitioner's guilty plea to aggravated rape, and ordered a

4

new trial on the charge. The State appealed the court's order but later voluntarily dismissed the appeal. *See Joe Ross v. State*, W2015-01133-CCA-R3-HC (Tenn. Crim. App. November 17, 2015) (Order). Moreover, we agree that the Criminal Court of Shelby County has jurisdiction over the Petitioner's claim of illegal restraint based upon the judgment for aggravated rape. The habeas court properly declined to review the "actions and/or determination" of the Shelby County court. The Petitioner is not entitled to relief with regard to this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE